# FIRST NATIONAL BANK OF BAINBRIDGE *v.* CITIZENS BANK OF BAINBRIDGE.

Allegations held to state a cause of action on the basis of an implied trust in favor of the owner of the beneficial interest in a fund the legal title to which was in the defendant.

No. 1758.     OCTOBER 2, 1920.

Equitable petition. Before Judge Worrill. Decatur superior court. November 14, 1919.

*H. G. Bell, John R. Wilson,* and *T. S. Hawes,* for plaintiff.

*Hartsfield & Conger,* for defendant.

ATKINSON, J. The First National Bank of Bainbridge brought an equitable petition against the Citizens Bank of Bainbridge, alleging substantially as follows: H. S. Richardson, of Bainbridge, was doing business as the Richardson Engineering & Construction Co., and had his deposit and checking account with the Citizens Bank, and was indebted to said bank. Richardson had contracts with the United States government for the erection of

post-office buildings, two in Florida, one in Georgia, and one in Arkansas, and the government sent to Richardson monthly checks as the work progressed. To secure the Citizens Bank for his indebtedness to it Richardson had assigned the payment of his four government post-office contracts to the Citizens Bank. These checks were sent to Richardson's office and delivered to the Citizens Bank by him or his bookkeeper, either for his checking account or to be applied upon his indebtedness. On May 29 Richardson procured from the Citizens Bank a release of a portion of his Government checks in the following terms:

"Subject:   Post-Office Contracts.   Payments.

"Citizens Bank, Bainbridge, Ga.

"Gentlemen:   In view of the fact that the payments of the above-mentioned contracts are assigned to you, and being in immediate need of an additional five thousand dollars to be used in connection with these contracts, we are asking you to release the assignment of the payments due us on the first of the coming month, June 1st, 1918, in order that we may assign these payments elsewhere to obtain the five thousand dollars we need. Yours truly, Richardson Eng. & Constg. Co., H. S. Richardson."

At the bottom of this request appeared the following:   "Assignment accepted.   [Signed] The Citizens Bank, by R. H. May, Cashier."   Richardson took this release to the First National Bank and attached it to his promissory note for $5,000, payable to said bank and signed by himself, receiving a cashier's check for the amount, which check he indorsed and deposited in the Citizens Bank, and the money was collected by it for Richardson. Richardson received at his office government checks on his contracts, for the month of June, amounting to $6,783.60, which were deposited by his secretary in the Citizens Bank. The Citizens Bank informed Richardson that checks on these funds would not be honored. It is alleged on information and belief, that Richardson informed the Citizens Bank, at the time the assignment was requested and made, that he intended to borrow the money referred to in said assignment from the First National Bank; that the Citizens Bank through its proper officers knew, at the time the money from the government was delivered to said Citizens Bank by Richardson, that Richardson had placed the assignment of said funds with the First National Bank; that after-

wards Richardson met his death at the hands of an officer of the Citizens Bank, and then petitioner demanded payment by the Citizens Bank of the $5,000 covered by the release or assignment, and that the Citizens Bank refused to honor its assignment and make payment. The prayers are for process, judgment for $5,000 and interest, and judgment declaring said fund to be a trust fund. A general demurrer to the petition was sustained and the suit was dismissed; to which judgment the petitioner excepted.

1. While the Citizens Bank on receiving the money from the government held legal title to the fund, in equity the beneficial interest was in the First National Bank; and under such circumstances, applying the equitable principle as stated in the Civil Code (1910), § 3739, par. 1, that "Trusts are implied whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money, or other circumstances, is either wholly or partially in another," a trust will be implied in favor of the First National Bank.

2. Applying the principles just stated, the judge erred in dismissing the petition on general demurrer.

　　　　　　*Judgment reversed. All the Justices concur.*